**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENITO ANGEL DE PAZ AVALOS, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71093 Agency No. A200-975-001 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Benito Angel De Paz Avalos, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

In his opening brief, De Paz Avalos does not challenge the agency's finding that he did not show extraordinary or changed circumstances to excuse his failure to apply for asylum within the 1-year filing deadline. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). De Paz Avalos also does not challenge the agency's denial of his CAT claim. *See id*. Thus, we deny the petition for review as to asylum and CAT relief.

The BIA did not err in finding that De Paz Avalos did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*,

19-71093

26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 744-46 (9th Cir. 2008) (holding young men who resist gang violence in El Salvador is not a particular social group), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013)).

In addition, substantial evidence supports the agency's determination that De Paz Avalos failed to establish that the harm he experienced or fears in El Salvador was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, De Paz Avalos's withholding of removal claim fails.

The BIA did not err in denying De Paz Avalos's due process claim based on ineffective assistance of counsel where De Paz Avalos failed to establish prejudice. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice). Nor did the BIA err in denying De Paz Avalos's due process claims that the IJ did not consider the background evidence in the record and that the IJ deprived him of the opportunity to present evidence at his hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We lack jurisdiction to consider De Paz Avalos's contentions as to his

3                                                                                  19-71093

untimely asylum application and proposed social groups that were not raised to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

De Paz Avalos's motion for a stay of removal (Docket Entry No. 1) is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**